## MORTON v. BOARD OF LIQUOR CONTROL et.

Common Pleas Court, Franklin County.

No. 188874. Decided April 22, 1954.

536

Charles T. Kaps, Cleveland, for appellant.

C. William O'Neill, Atty. Genl., Kiehner Johnson, Asst. Atty. Genl., Columbus, for appellees.

## OPINION

By CLIFFORD, J.

This is an appeal from an order of the Board of Liquor Control rejecting the renewal application of the appellant for Class D-1, D-2 and D-3 permits for the reason that he had been convicted of a felony, i. e. a violation of Section 3, Title II of The National Prohibition Act on October 29, 1929, which rejection was based upon §4303.29 R. C., which reads in part as follows:

"No person heretofore convicted of any felony shall receive or be permitted to retain any permit; nor shall such person have an interest, directly or indirectly, in any permit."

In this cause appellant raises two questions:

(1) Was the crime for which he was convicted a felony?

(2) Was he pardoned for this crime by virtue of his military service?

The record discloses that appellant was convicted of a violation of Section 3, Title II of The National Prohibition Act, Volume 41 Statutes at Large, page 305, 27 U. S. C. A. §12, the pertinent part of which reads:

"No person shall * * * manufacture, sell, barter, transport, import, export, deliver, furnish or possess any intoxicating liquor except as authorized in this Act * * *."

In volume 45 Statutes at Large, page 1446, Chapter 473, approved March 2, 1929, the penalty for violation of The National Prohibition Act was amended and reads in pertinent part:

"* * * wherever a penalty or penalties are prescribed in a criminal prosecution by the National Prohibition Act, as amended and supplemented, for the illegal manufacture, sale, transportation, importation, or exportation of intoxicating liquor, * * * the penalty imposed for each such offense shall be a fine not to exceed $10,000 or imprisonment not to exceed five years, or both. Provided, That it is the intent of Congress that the court, in imposing sentence thereunder should discriminate between casual or slight violations and habitual sales of intoxicating liquor, or attempts to commercialize violations of the law."

Section II.

"This Act shall not repeal nor eliminate any minimum penalty for the first or any subsequent offense now provided by the said National Prohibition Act."

The definition of the term "felony" as provided by Federal Statute may be found in volume 35 Statutes at Large, page 1152, chapter 321, approved March 4, 1909,[1] and reads as follows:

"Sec. 335. All offenses which may be punished by death, or imprisonment for a term exceeding one year, shall be deemed felonies. All other offenses shall be deemed misdemeanors."

This section has been in effect since 1909, and although amended and recodified in volume 46 Statutes at Large, page 1029, the definition of felony has remained unchanged.

The record reveals, by way of indictment of the appellant, that the alleged acts of sale of intoxicating liquor to which appellant pleaded guilty took place subsequent to the amendment of The National Prohibition Act increasing the punishment. With this increase in punishment and the definition of the term felony by the Federal Statute, it must be concluded that appellant was guilty of a felony, as found by the Board of Liquor Control. And, there can be no doubt but that a violation of a Federal Statute is within the purview of §4303.29 R. C. See **In re Raab, 156 Oh St 158,** 101 N. E. 2d 294.

In view of the fact that appellant was convicted of a felony, no significance can be given to the fact that the Ohio Legislature has in the past seen fit to amend the predecessor section, §6064-17 GC. Appellant comes within the clear prohibition that no person convicted of any felony shall receive any permit.

The second question relates to whether appellant was pardoned of this felony by the operation of the presidential pardon granted to persons who served in World War Two. This proclamation was effective December 24, 1945, and is cited as Proclamation 2676, 10 Federal Register 15409, volume 60

---

1. Now 18 U. S. C. A. §1.

Statutes at Large, part II, p. 1335. This proclamation reads in part as follows:

"* * * Whereas subsequent to July 29, 1941, there were inducted and enrolled in the armed forces * * * persons who had prior to their entry, induction or enrollment been convicted of offenses against the laws of the United States, * * *; and

"Whereas it appears that such convicted persons who have or shall hereafter be honorably discharged or separated from the armed forces, * * * **after serving in active status for not less than one year** ought to have restored to them the political, civil, or other rights of which they were deprived by reason of such conviction and which may not be restored to them unless they are pardoned:

"Now, Therefore, I, Harry S. Truman, President of the United States of America, do hereby grant a full pardon to all persons convicted of violation of any law of the United States * * *, who on or after the twenty-ninth day of July, 1941, and prior to the date hereof, entered, enrolled in, or were inducted into the armed forces of the United States and who after serving in active status for not less than one year have been or shall hereafter be honorably discharged or separated therefrom, or separated under honorable conditions from active service therein: * * .*."

The presidential pardon clearly sets out two requirements for persons to qualify therein. First, the person must have entered the armed forces after the 29th day of July 1941, and prior to the date of the proclamation. Secondly, the clear and unambiguous language of the proclamation requires that the person be honorably discharged or separated from the armed forces, "after serving in active status for not less than one year." A careful reading of the proclamation requires the conclusion that this one-year period of service must be subsequent to the individual's entrance in the armed forces after the dates specified. The purpose of the proclamation clearly is limited to service during World War II. In the instant case the appellant served only seven months during the required period of World War II, and only by counting prior military service can he show more than one year's active service, Appellant does not qualify for a pardon.

The Court finds that the order of the Board of Liquor Control is supported by reliable, probative and substantial evidence, and is in accordance with law. The order of the Board is affirmed.